UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| YASMIN HUSROM, et al., | Case No. 2:21-CV-1929 JCM (DJA) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS MEDICAL GROUP. LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants GlaxoSmithKline LLC, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim USA Corporation, Sanofi US Services, Inc., Sanofi-Aventis U.S. LLC, and Chattem, Inc.'s (collectively "drug defendants") motion to stay. (ECF No. 2). Plaintiffs Jamil Husrom and Yasmin Husrom ("plaintiffs") filed a response (ECF No. 37), to which drug defendants replied (ECF No. 38).

Also before the court is plaintiffs' motion to remand (ECF NO. 29). Drug defendants have not responded, but the court finds that they need not.[1]

I.  **BACKGROUND**

On May 27, 2021, plaintiffs filed suit in Nevada state court against Nauman Jahangir, M.D. and Nevada Corporation Las Vegas Medical Group (collectively "medical defendants"), alleging that Dr. Jahangir's failure to order a biopsy of Ms. Jamil Husrom's esophagus despite

---

[1] The court issued a minute order on November 19, 2021, suspending the briefing schedule on plaintiff's motion to remand—as well as all other pending motions in this matter—until the court decided on the motion to stay. (ECF No. 36). Because the full briefing on the motion to stay adequately addresses the issues underlying plaintiffs' motion to remand, and in the interest of expediency, the court addresses plaintiff's motion to remand. *See* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

**James C. Mahan**
**U.S. District Judge**

prior findings in her proximal esophagus substantially contributed to her eventual death from esophageal cancer. (ECF No. 37 at 2). Plaintiffs named several causes of action, including medical malpractice, gross negligence/recklessness, and loss of consortium. (*Id.* at 3).

Upon discovering that Ms. Husrom also ingested Zantac (ranitidine), an antacid medication that was sold for decades in both prescription and over-the-counter formulations, during the relevant time period, plaintiffs filed an amended complaint and named drug defendants. (*Id.*). Plaintiffs alleged claims for strict liability, negligence, breach of implied warranty, negligent misrepresentation, and fraudulent concealment and/or omissions against drug defendants, alleging their role in manufacturing Zantac substantially contributed to Ms. Husrom's eventual death from esophageal cancer. (*Id.*).

Drug defendants removed this case alleging there was complete diversity of parties because non-diverse medical defendants were fraudulently misjoined. (ECF No. 1). Upon removal, drug defendants identified this case as a tag-along action to the multidistrict litigation ("MDL") created in early 2020 for pretrial coordination of cases like this one "in which plaintiffs allege that they developed cancer as a result of [alleged carcinogenic chemical compounds] formed from Zantac," *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369, at *2 (J.P.M.L. 2020). (*Id.*, at 2).

On November 1, 2021, the clerk of the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred this matter under 28 U.S.C. § 1407 to the Southern District of Florida, pursuant to Rule 7.1 of the Rules of Civil Procedure of the United States JPML with Conditional Transfer Order 80 (CTO-80). (ECF NO. 39 ¶ 11). On November 8, 2021, plaintiffs filed a notice of opposition to the conditional transfer (ECF No. 24) and are awaiting a final decision following a hearing with the MDL court on January 27, 2022. (ECF No. 39 at 4).

Drug defendants now move this court to stay this case, pending transfer to the MDL court (ECF No. 2). Plaintiffs instead move the court to remand the case to Nevada state court (ECF No. 29) alleging this court does not have subject matter jurisdiction *ab initio* as complete diversity does not exist between the parties.

. . .

**James C. Mahan**
**U.S. District Judge**

## II. LEGAL STANDARD

### A. Remand

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the drug defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

A court may also remove the matter *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). This court retains jurisdiction to decide pending pretrial proceedings such as a motion to remand or motion to stay during the pendency of a conditional transfer order before the JPML. RULES OF PROCEDURE OF THE UNITED STATES JUDICIAL PANEL ON MULTIDSITRICT LITIGATION, Rule 2.1(d) (Effective October 4, 2016).

### B. Stay

Courts have broad discretion in managing their dockets and have the inherent power to stay proceedings. *See, e.g., Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (courts have

**James C. Mahan**
**U.S. District Judge**

- 3 -

the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants"). In exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. See Fed. R. Civ. P. 1.

### III.   DISCUSSION

As a threshold matter, the court must determine which motion it will address first: the motion to remand or the motion to stay. Some courts have been persuaded by the proposition that judicial economy is best served by deciding jurisdictional issues as early in the litigation as possible and before final transfer to the MDL court. *Terway v. Syngenta Seeds, LLC*, 2016 WL 4435745, at *1 (D. Nev. August 19, 2016) (collecting cases). Other courts have held that "deference to the MDL court for resolution of a motion to remand often provides the opportunity for uniformity, consistency, and predictability in litigation that underlies the MDL system." *Id.* (citation omitted) (collecting cases).

This court has generally followed the former approach by deciding jurisdictional issues first, even when facing a motion to stay pending transfer to an MDL court, like here. *See Brooks v. Sanofi, S.A.,* No. 2:20-cv-565 JCM (EJY), 2020 WL 1847682, at *4 (D. Nev. Apr. 13, 2020). Specifically, the court has found Judge Aleta Trauger's analysis persuasive:

> [I]f this case is not properly in the federal courts (either because we lack jurisdiction or because the removal was defective), then the case *should* be on a different track. Different litigation under different laws in different states is inherent to the federal system embraced by the limited jurisdiction of the federal courts.

*Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 809 (M.D. Tenn. 2019) (emphasis in original). When considering a pending motion to stay, Judge Trauger explained:

> The interests of judicial economy are furthered by putting a case, as expeditiously as possible, in a court that has the jurisdiction to resolve it. It would not be a good use of judicial resources for the JPML to devote its time and attention to a transfer from one federal court to another, if the ultimate legal reality is that neither court has or can have jurisdiction. Nor would it be a good use of the transferee court's resources for that court to have to deal with the intake and processing of a case only to realize, later, that the case should be in state court. It would be a waste of judicial resources for a case to proceed in the federal courts if, ultimately, a federal court is not the appropriate court to consider plaintiffs'

> claims. This court can imagine few greater wastes of a court's resources than consideration of a case that the court has no jurisdiction to decide.

*Id.* at 809 (internal citation, quotation marks, and alteration omitted).

This court continues to agree with this analysis. Thus, the court finds it appropriate to determine whether the court has jurisdiction *ab initio*, before entertaining the motion to stay.

### A. Remand

Drug defendants concede that diversity amongst the parties did not exist at removal but contend that non-diverse medical defendants were "fraudulently misjoined" and suggest that the court can retain jurisdiction under Rule 21 of the Federal Rules of Civil Procedure by severing the claims against the "dispensable" medical defendants.[2] (ECF No. 1 at 3-4). In the drug defendants' view, this would create subject matter jurisdiction. The court disagrees.

#### 1. *Fraudulent Misjoinder*

It is well-established in the Ninth Circuit that a plaintiff may not defeat diversity jurisdiction by fraudulently joining a non-diverse party against whom no viable claim can be pled. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A "fraudulent joinder" occurs when the "plaintiff fails to state a cause of action against [a] defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

The relatively novel doctrine of fraudulent *misjoinder*[3] was first considered and adopted by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)*, abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072–76 (11th Cir. 2000). Currently, the Eleventh Circuit is the only circuit who has adopted the doctrine. *In re Prempro Prods. Liability Litig.*, 591 F.3d 613, 620 n.4 (8th Cir. 2010). As the Eighth Circuit explained in its decision rejecting the doctrine, fraudulent misjoinder occurs

---

[2] The parties do not dispute the amount in controversy in this case exceeds $75,000. (ECF Nos. 1 at 5; 29 at 4).

[3] Some courts refer to this judicially-created doctrine as "procedural misjoinder."

James C. Mahan
U.S. District Judge

- 5 -

>   when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.  In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

*In re Prempro Prods. Liability Litig.*, 591 F.3d at 621 (citation omitted).

In *Tapscott*, the Eleventh Circuit found that the fraudulent misjoinder doctrine applied where a plaintiff's attempt to join non-diverse defendants could, and should be ignored, thus establishing diversity jurisdiction because the claims against the non-diverse defendants had "no real connection" to the diverse defendants.  77 F.3d at 1360.  As such, the joinder was "egregious" enough to constitute fraudulent misjoinder according to the court.  *Id.*

While the Ninth Circuit has neither adopted nor rejected *Tapscott*,[4] the fraudulent misjoinder doctrine has fared poorly within the Ninth Circuit.  A vast majority of district court cases within the circuit have refused to apply the doctrine.  *Hampton v. Insys Therapeutics, Inc.*, 319 F.Supp.3d 1204, 1210 (D. Nev. 2018) (collecting cases).  This court itself has held that the doctrine runs afoul of the well-settled rule that federal jurisdiction is to be narrowly construed, that it "creates an unpredictable and complex rule," and that questions of joinder under state law do not implicate federal subject matter jurisdiction.  *Stone-Jusas v. Wal-Mart Stores, Inc.*, Case No. 2:14-cv-00669-JCM-NJK, 2014 WL 5341686, at *4 (D. Nev. Oct. 20, 2014) (citing *In re Prempro Prods. Liability Litig.*, 591 F.3d at 621–22).

Furthermore, "[f]ederal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent."  *Hampton,* 319 F.Supp.3d at 1213–14 (citing *Brown v. Endo Pharms., Inc.*, 38 F.Supp.3d 1312, 1326 (S.D. Ala. 2014) (collecting cases)).  Courts have flatly rejected this approach as relying on "confound[ing] ... circular logic" by which a defendant asks the court to act without jurisdiction as a means to create jurisdiction.  *Lopez v. Pfeffer*, Case No. 13-cv-03341 NC, 2013 WL 5367723, at *5 (N.D. Cal. Sept. 25,

---

[4] In an unpublished opinion, the Ninth Circuit assumed without deciding that the doctrine applied.  *See California Dump Truck Owners Ass'n v. Cummins Engine Co.,* 24 Fed. Appx. 727, 729 (9th Cir.2001).  The Ninth Circuit did not need to determine whether the doctrine should apply because the joinder in that case was not "so improper as to be considered egregious" given that there "seem[ed] to be some connection or nexus between the claims." *Id*. at 730.

James C. Mahan
U.S. District Judge

- 6 -

2013); *see also In re Bard IVC Filters Prods. Liab. Litig.*, Case No. CV-16-00344-PHX-DGC, 2016 WL 2347430, at *8 (D. Ariz. May 4, 2016) ("a court's use of Federal Rule of Civil Procedure 21 presumes that the court has subject matter jurisdiction over the claims").

The court finds that the better approach is to require the defendant to challenge the claimed misjoinder in state court and, if that court severs the claims and diversity then exists, it could seek removal to federal court and eventually the MDL court. *Stone-Jusas*, 2014 WL 5341686, at *4. This approach obviates the problematic strategy of remove first, answer questions later.

Consequently, the court finds that medical defendants were not fraudulently misjoined, and as such, complete diversity does not exist among the parties to satisfy this court's subject matter jurisdiction under 28 U.S.C. 1332.

Accordingly, plaintiffs' motion to remand (ECF No. 29) is GRANTED.

### 2. Application of the Fraudulent Misjoinder Doctrine

Since the Ninth Circuit has expressed ambivalence regarding the fraudulent misjoinder doctrine, the court analyzes the facts as if the doctrine were to apply, for good measure. *See supra* n. 4. This court holds that fraudulent misjoinder doctrine applies only, if at all, in the "rare circumstance where the egregiousness of plaintiffs' misjoinder is readily apparent." *HVAC Sales, Inc. v. Zurich Am. Ins. Group*, 2005 WL 2216950, *6 (N.D.Cal. July 25, 2005); *see also In re Prempro Prods. Liability Litig.*, 591 F.3d at 624 (concluding that the joinder was not "so egregious and grossly improper" as to constitute fraudulent misjoinder). Indeed, the Eleventh Circuit made clear that fraudulent misjoinder requires more than "mere misjoinder," and applied the doctrine to a case where plaintiffs did not even attempt to justify their conglomeration of various unrelated defendants. *Tapscott*, 77 F.3d at 1360.

Consequently, even assuming *arguendo* that the doctrine applied in this case, the court does not find the facts comprising the scenario here to be the type of "rare circumstance" qualifying as fraudulent misjoinder.

Plaintiffs filed a valid state suit against medical defendants *first*, and *then* joined drug defendants upon discovery of the suspect timing corresponding with Ms. Husrom's ingestion of

**James C. Mahan**
**U.S. District Judge**

- 7 -

Zantac. The court finds it difficult to see how plaintiffs fraudulently misjoined drug defendants in order to defeat diversity jurisdiction when diversity never existed at the outset. In other words, a valid non-diverse defendant always existed.

Drug defendants further rely on the argument that plaintiffs' new claims are wholly unrelated to the original claims against medical defendants, such that plaintiffs' joinder of drug defendants must have been fraudulent. This is equally unavailing.

Plaintiffs' initial claims included medical malpractice and gross negligence/recklessness against the doctor and the medical group for failing to order a biopsy, which allegedly led to Ms. Husrom's eventual death from esophageal cancer. Once plaintiffs made the potential causal connection between Ms. Husrom's esophageal cancer and ingestion of Zantac medicine, plaintiffs amended their claims to include product liability allegations, *inter alia*, against drug defendants as manufacturers of Zantac for their alleged role in her death. These claims clearly have *some* connection to one another such that their joinder was not so egregious as to constitute fraudulent misjoinder.[5]

Moreover, although the claims against drug defendants involve the question as to the cause of the cancer *itself* and the claims against medical defendants surround the controversy over the *treatment* of the cancer, these claims are not so unrelated to be considered egregious for purposes of a fraudulent misjoinder analysis—this especially holds true when considering plaintiffs sued non-diverse medical residents first, as opposed to joining them later in order to purportedly defeat diversity jurisdiction. Accordingly, the state court is the more proper jurisdiction to analyze state joinder law in the first instance.

. . .

. . .

---

[5] Indeed, this district similarly, and recently, declined to apply fraudulent misjoinder doctrine to a very similar set of facts involving a healthcare provider and a drug manufacturer. *Hampton*, 319 F.Supp.3d at 1204. In that case, plaintiff was an executor of the estate of decedent Ms. Hampton and filed a lawsuit against a non-diverse doctor who allegedly prescribed improper dosages of the drug Fentanyl to Ms. Hampton. Shortly after the filing of the complaint, plaintiff filed an amended complaint naming the diverse Fentanyl drug manufacturer. The court rejected similar fraudulent misjoinder arguments made by the drug manufacturer and subsequently remanded the action to state court.

**James C. Mahan**
**U.S. District Judge**

- 8 -

### B. Stay

Because the court decides the threshold question of jurisdiction in favor of remand, drug defendants' motion to stay is DENIED as moot. The court recognizes that while there may be strong judicial economy arguments for the MDL court to decide on this motion to remand, the court cannot exercise jurisdiction it does not have. As such, the court finds that it would be a greater waste of judicial resources to allow a case to proceed in federal court if, ultimately, a federal court is not the appropriate forum to consider plaintiffs' claims.

If drug defendants wish to pursue eventual transfer to the MDL action, they must first seek severance from the state court and properly remove to federal court when valid subject matter jurisdiction exists.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that drug defendants' motion to stay (ECF No. 2) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to remand (ECF No. 29) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this matter be, and the same hereby is, REMANDED to the Eighth Judicial District Court of Clark County, Nevada.

All other pending motions are DENIED as moot.

DATED January 26, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 9 -